Goeke, J., concurring: The opinion of the Court narrowly focuses on the conditionality of the March 2007 order in determining that the document was insufficient to satisfy the section 152(e)(2) custodial parent release exception. The opinion of the Court’s analysis is cogent and accurate; however, a noncustodial parent may validly claim a section 152 dependency exemption only if he or she “attaches such written declaration to the noncustodial parent’s return for the taxable year beginning during such calendar year.” Sec. 152(e)(2)(B) (emphasis added). Petitioners surrendered the March 2007 order during audit of their 2007 tax return. Clearly then, petitioners did not “attach” the relevant document to their return. Although the opinion of the Court considers the March 2007 order, it acknowledges that— The Commissioner also argues that the Armstrongs are unable to show compliance with the fourth criterion — i.e., “attach[ing] such written declaration to the noncustodial parent’s return” [section 152(e)(2)(B)] — since the Armstrongs attached to their tax return only the May 2003 arbitration award, and not the March 2007 court order that Ms. Delaney actually signed. Since we are able to resolve the case on the basis of the third criterion [i.e., conditionality], we need not and do not reach this fourth criterion. [See op. Ct. note 4.] The dissent, however, addresses this issue that the opinion of the Court explicitly avoids. The dissent offers that the term “attach”, as used in the statutory scheme, is properly defined as “associated with” or “connected to by attribution”; accordingly, the dissent effectively submits that all relevant documents are “attached” to a taxpayer’s return, irrespective of any temporal considerations relating to the point at which those documents were tendered to the Commissioner. Any such interpretation is contrived and devoid of context. The dissent’s proffered secondary definitions of “attach” are not, as suggested, all “plain meanings [that] vary so widely”, see dissenting op. p. 498, but rather are figurative extensions of its plain, literal meaning, “to fasten”, see id. pp. 497-498 & note 11. The plain meaning of a statute is the literal meaning of its words; and unless it is unreasonable to do so, we should prefer the plain and literal meaning of a statutory term. See United States v. Ron Pair Enters., Inc., 489 U.S. 235, 242 (1989) (“The plain meaning of legislation should be conclusive, except in the ‘rare cases [in which] the literal application of a statute will produce a result demonstrably at odds with the intentions of its drafters.’” (alteration in original) (quoting Griffin v. Oceanic Contractors, Inc., 458 U.S. 564, 571 (1982))). If secondary figurative definitions could claim “plain meaning” status, then Congress would have to frequently qualify its chosen language with the adverb “literally” to foreclose the dissent’s interpretive method. We should reject any such artificial complication of the Code and, instead, employ a traditional, consistent and pragmatic approach to statutory interpretation. Indeed, a cursory reading of the numerous section 152(e)(2) cases decided by this Court reveals that we have uniformly held that the Form 8332 or similar document should be affixed to the return at issue. See, e.g., Chamberlain v. Commissioner, T.C. Memo. 2007-178, 2007 Tax Ct. Memo lexis 181, at *8-*9; Brissett v. Commissioner, T.C. Memo. 2003-310, 2003 Tax Ct. Memo lexis 311, at *8-*9. In the seminal dependency exemption case of this Court, Miller v. Commissioner, 114 T.C. 184, 191 (2000), aff’d, sub nom. Lovejoy v. Commissioner, 293 F.3d 1208 (10th Cir. 2002), we prefaced our discussion of whether a divorce document qualified as “a statement conforming to the substance of Form 8332” by specifically finding that the taxpayer “attached” the document to his return. However, if we were to accept the position of the dissent in the present case, this prelude would be irrelevant, as apparently all documents which are submitted to the Commissioner at some indeterminate point may be appropriately considered by the Court. Furthermore, while the dissent endeavors to manipulate the seemingly plain meaning of the term “attach” to accommodate the expanding electronic tax return filing regime, we are presented with no reason to do so in this case. Petitioner physically filed his individual tax return for taxable year 2007, and our focus should appropriately narrow to those particular facts. Instead, by approaching this present matter in a side opinion, we risk complicating our tax laws by implication. Indeed, the dissent’s mere suggestion that the term “attach” is subject to different interpretations may have unintended and far-reaching consequence. See dissenting op. note 13 (finding 15 current Code references to “attach” or “attachment”). The onus of harmonizing the statutory scheme with nonstatutory changes in effective administrative procedure falls upon Congress and not this Court. We must be both circumspect and judicious in avoiding a manufactured ambiguity in our tax laws. The deliberate use of the word “attached”, in the context of section 152(e)(2)(A), was intended to prescribe a contemporaneous affixation requirement; we have so held before. Thornton, Gale, Marvel, Wherry, Kroupa, Gustafson, and Morrison, JJ., agree with this concurring opinion.